IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,               ) | |
| ) | |
| Plaintiff,                ) | |
| ) | |
| vs.                                                                ) | Case No. 15-cr-40005-001-JPG |
| ) | |
| HENRY J. DIETZ,                             ) | |
| ) | |
| Defendant.                ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Henry J. Dietz's Motion (Doc. 49) for Modification of Terms of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Regarding Amendment 782 – Drug Minus Two. The time for the government to response has not yet expired; however, the Court does not require a response. The Court is denying the defendant's motion based on the following.

Defendant pled guilty to one count of conspiracy to manufacture methamphetamine and one count of possession of equipment, chemicals, products or materials used to manufacture methamphetamine. (Doc. 31). He was sentenced on November 18, 2015, to the custody of the Bureau of Prisons for 90 months, on both counts, to run concurrent. (Doc. 41).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable

policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request.  *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Defendant a reduction because he cannot satisfy the first criterion.  The Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts.  The Defendant was sentenced in 2015 and his sentence was calculated using Amendment 782.  Thus, this sentence already reflects the reductions implemented by that guideline amendment.  Therefore, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).

Because the Defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant a reduction request.  *See Taylor*, 778 F.3d at 762.  Defendant Henry J. Dietz's Motion (Doc. 49) for Modification of Terms of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Regarding Amendment 782 is **DENIED.**

    **IT IS SO ORDERED.**

    **DATED:**  4/19/2016        *s/J. Phil Gilbert*
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**